## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wilbur Chester<br>5443 Arlington Street<br>Philadelphia, PA 19131 | # _____ |
| Plaintiff | |
| v.<br>John Washington<br>7500 Lindenbergh Boulevard<br>Philadelphia, PA 19176 | |
| And | |
| United States of America<br>c/o United States Postal Service<br>7500 Lindbergh Boulevard<br>Philadelphia, PA 19176<br>Defendants | |

## COMPLAINT

### PARTIES

1. Plaintiff, Wilbur Chester, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, John Washington, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3. Defendant, United States of America c/o United States Postal Service, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Commonwealth of Pennsylvania and the Defendant, upon information and belief is a corporate entity with its principal place of business in the Commonwealth of Pennsylvania and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(e) (1) in that the Defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority giving rise to the claims asserted in this Complaint that occurred in this judicial district.

## FACTS

6. On or about September 12, 2016, at approximately 8:00 a.m., Plaintiff, was the operator of a motor vehicle, which was traveling at or near the intersection of Berkley Street and Fernhill Road, in Philadelphia, PA.

7. At or about the same date and time, Defendant, John Washington, was the operator of a motor vehicle, which was owned by Defendant, United States of America c/o United States Postal Service, which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

8. At about the same date and time, Defendant's vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

9. At all times relevant hereto, upon information and belief, Defendant, John Washington, was operating the aforementioned Defendant, United States of America c/o United

States Postal Service's motor vehicle as Defendant's agent, servant and/or employee acting in the scope of their agency.

10. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

11. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

12. As a result of the incident, Plaintiff suffered severe and permanent injuries as set forth more fully below.

## COUNT I
### Wilbur Chester v. John Washington
### Negligence

13. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

14. The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consisted of <u>inter alia,</u> the following:

    a. Rear-ending Plaintiff's vehicle;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

    e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence,

should have seen, that further operation in that direction would result in a collision;

t. Driving too fast for conditions;

u. Violating the Pennsylvania Vehicle Code, specifically Title 75 Pa C.S.A. Section 3310, and Title 75 Pa C.S.A Section 3361.

v. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles

15. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

18. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

19.  As a further result of the injuries sustained, Plaintiff is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20.  Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Wilbur Chester v. United States of America c/o United States Postal Service
### Negligent Entrustment

21.  Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

22.  The negligence and/or carelessness of Defendant, United States of America c/o United States Postal Service, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consisted of inter alia, the following:

   a.  Permitting Defendant, John Washington, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting John Washington, to operate the motor vehicle when Defendant, United States of America c/o United States Postal Service, knew, or in the exercise of due care and diligence, should have known that Defendant, John Washington, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, United States of America c/o United States Postal Service, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to John Washington's negligent operation of the motor vehicle.

23. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries all to Plaintiff's great loss and detriment.

24. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including a motor vehicle, which Plaintiff was operating at

the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

27. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Wilbur Chester v. United States of America c/o United States Postal Service
### Respondeat Superior

29. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

30. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consisted of inter alia, the following:

    a. Rear-ending Plaintiff's vehicle;

    b. Operating his vehicle into Plaintiff's lane of travel;

 c. Failing to maintain proper distance between vehicles;

 d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

 e. Failing to have said vehicle under proper and adequate control;

 f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

 g. Violation of the assured clear distance rule;

 h. Failure to keep a proper lookout;

 i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

 j. Being inattentive to his duties as an operator of a motor vehicle;

 k. Disregarding traffic lanes, patterns, and other devices;

 l. Driving at a high rate of speed which was high and dangerous for conditions;

 m. Failing to remain continually alert while operating said vehicle;

 n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

 o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

 p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Driving too fast for conditions;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

31. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

34. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which

Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

35. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Jason Whalley, Esquire

**VERIFICATION**

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*[signature]*